978 So.2d 50 (2007)
STATE of Alabama ex rel. Tracie Crowe WILLIAMS
v.
Timothy Lorenzo CROWE.
2060111.
Court of Civil Appeals of Alabama.
July 27, 2007.
*51 Troy King, atty. gen., and Sharon E. Ficquette and Jennifer M. Bush, asst. attys. gen., Department of Human Resources, for appellant.
Submitted on appellant's brief only.
THOMAS, Judge.
In March 2006, the State of Alabama, acting through the Department of Human Resources and on behalf of Tracie Crowe Williams, filed a complaint seeking the termination of the child-support obligation of Timothy Lorenzo Crowe ("the father") and seeking the establishment of a child-support arrearage and an award of interest on that arrearage. The trial court terminated the father's child-support obligation; determined the father's arrearage, after the application of credits based on the child's having lived with the father since 1995, to be $0; and assessed interest in the amount of $7,871.95; however, the trial court then rebated the amount of interest owed. After the denial of its postjudgment motion, the State appealed. On appeal, the State argues that the trial court erred in rebating the interest.
As the State argues, a trial court cannot "waive" interest due on a child-support arrearage. State Dep't of Human Res. v. R.L.R., 743 So.2d 495, 499 (Ala.Civ.App. 1999). However, a trial court may, pursuant to statute, rebate the amount of interest due on a child-support arrearage in certain circumstances. See Ala.Code 1975, § 30-3-6.1. Section 30-3-6.1 states, in pertinent part:
"(a) Notwithstanding any other provision of law regarding post-judgment interest, the parent responsible for making child support payments who has been delinquent in making the payments may petition the court that entered the order for child support or the appropriate court pursuant to Sections 30-3A-101 to 30-3A-906, inclusive, for a rebate of interest when any of the following conditions have been met:
"(1) The parent has paid the past due amount and has paid the current child support payments for 12 months before petitioning the court.
"(2) The parent has entered into a repayment agreement, has made all payments on the agreement for at least 12 months, and has paid the current child support payments for 12 months before petitioning the court.
"(b) Before a court may order a rebate of interest, each party to whom interest is owed must agree in writing to the rebate of interest and the amount of interest rebated. A court of competent jurisdiction may reinstate the interest rebated upon a subsequent finding of contempt of court for failure to pay child support."
*52 Although the State concedes that the father met the requirements of subsection (a)(1), it argues that the father failed to meet the requirements of subsection (b) in that neither the mother, Tracie Crowe Williams, nor the State agreed to the rebate of interest in writing. Because of that failure, the State argues, the trial court was without authority to order the rebate. We agree. Accordingly, we reverse the trial court's judgment insofar as it rebated the $7,871.95 in interest owed by the father and remand the cause for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, J., concur.
BRYAN, J., concurs specially, with writing, which MOORE, J., joins.
BRYAN, Judge, concurring specially.
I concur specially because of the requirements found in § 30-3-6.1(b), Ala. Code 1975. However, I agree with the trial court's view of the evidence. It seems unjust for the father to raise the child without any assistance from the State[1] and then be required to get the consent of the State in order to have the interest rebated.[2] The trial court should have the authority to rebate interest without the consent of the parties when equity demands it. From all that appears in the record, equity demands it in this case.[3]
This court's job is not to legislate, and for that reason I concur. Given the facts of this case, Department of Human Resource's strict application of the statute, and its refusal to consent to rebating the interest, our legislature should consider allowing trial courts more leeway regarding this issue. In my opinion, this case demonstrates that trial courts should be given the latitude to decide when equity demands that interest may be rebated, with or without the consent of the State or another "party to whom interest is owed." § 30-3-6.1(b).
MOORE, J., concurs.
NOTES
[1] Interestingly, it appears that the mother in this case did not submit any child support to the father for at least 11 years.
[2] I find it troubling that the State would argue in brief to this court that "there was no written consent by the Department [of Human Resources] or Ms. Williams to rebate the full amount of the interest of $7,871.95," State's brief at 11 (emphasis added), and that "neither the State nor Ms. Williams consented to the rebate of interest," State's brief at 12 (emphasis added), when it argued to the trial court that "[Ms.] Williams, assigned her rights to [the] judgment and any interest that would be due when she received ADC or support from the State and therefore the . . . money and interest would be due to us as if it were due to her because of the assignment. . . ." Assuming that there was a valid assignment in place, only the State's consent would have been needed.
[3] In fact, the trial court specifically found: "[T]o cause [the father] to pay another $9,000.00 in interest to the State would be unjust, inequitable and detrimental to the minor child and would jeopardize the welfare of the minor child when [the father] is her sole provider."